2025 Tex. Bus. 13



The Business Court of Texas,
1st Division

| | | |
|---|---|---|
| PRIMEXX ENERGY OPPORTUNITY FUND, LP et al. *Plaintiffs*, | §<br>§<br>§<br>§ | |
| v. | § | Cause No. 24-BC01B-0010 |
| PRIMEXX ENERGY CORPORATION, et al., *Defendants* | §<br>§<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

[¶ 1] By order signed April 10, 2025, the court denied Plaintiffs' (PEOFs) Motion for Reconsideration (Mot.) of the court's Opinion and Order granting in part BPP HoldCo LLC, Primexx Energy Corporation, and M. Christopher Doyle's Motion for Summary Judgment (MSJ).[1]

---

[1] *Primexx Energy Opportunity Fund, LP v. Primexx Energy Corp.*, 2025 Tex. Bus. 9, — S.W.3d — (Tex. Bus. Ct. 2025) (MSJ Opinion).

## I.

[¶ 2] "After a court grants a summary judgment motion, the court generally has no obligation to consider further motions on the issues adjudicated by the summary judgment." *Macy v. Waste Mgmt., Inc.*, 294 S.W.3d 638, 651 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (quoting *Kelly v. Gaines*, 181 S.W.3d 394, 416 (Tex. App.—Waco 2005), rev'd on other grounds, 235 S.W.3d 179 (Tex. 2007)). Nonetheless, the court addresses PEOFs' arguments.[2]

## II.

[¶ 3] The court's MSJ Opinion did not conclude, as PEOFs contend, that HoldCo was "allow[ed] to act in bad faith" so long as it "rel[ies] on a contractual provision purportedly permitting its conduct."[3]

[¶ 4] Instead, as the court stated, movants' summary judgment motion distilled to whether there was a genuine issue of material fact regarding whether they failed to act in good faith (that is, acted in bad faith) regarding the Callon sale. 2025 Tex. Bus. 9, ¶ 134.

---

[2] This memorandum opinion does not expressly address every argument PEOFs' reconsideration motion asserts. Nonetheless, the court considered all of PEOFs' arguments and rejects them.

[3] Mot at 1, 17.

[¶ 5] PEOFs' motion concedes as much:

> As is required by the text of the Partnership Agreement, the Court found in its Opinion that PEC and BPP HoldCo owed the duty of good faith to Plaintiffs, *including* with respect to the execution of the drag-along provision. *See* Op. at ¶ 161 ("But HoldCo (and PEC) had to conduct the sale in good faith."); ¶ [1]64 ("But, HoldCo still had to discharge that obligation in good faith."); ¶ 194 ("HoldCo's 'fiduciary' duties required it to perform in good faith"). In fact, the Opinion recognizes that the "analysis **converges** on whether HoldCo acted in good faith when it exercised its drag-along rights and forced the sale . . ." *Id.* at ¶ 134.[4]

[¶ 6] The court's analysis considered PEOFs' causes of action, claims (which allege several ways in which they posit movants failed to act in good faith regarding the Callon sale), arguments, and all proper summary judgment evidence. That evidence includes movants' summary judgment evidence, PEOFs' responsive evidence, and PEOFs' FAP admissions.

[¶ 7] After considering the parties' arguments and all the proper summary judgment evidence, the court concluded that, except for instances described in the court's opinion (*see id.* ¶ 200), PEOFs failed as a matter of law to raise a genuine issue of material fact supporting liability based on their claims of bad faith. *See id.* ¶ 172.

---

[4] Mot. at 18–19 (emphasis original).

## III.

### A.     Arguments PEOFs Previously Made

[¶ 8] PEOFs' reconsideration motion repeats these rejected arguments:

- *Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203 (Tex. 1996) does not apply in cases involving fiduciary duties.[5]  PEOFs raised this argument during the November 21, 2024, hearing[6] and specifically referred to *Spethmann v. Anderson*.[7]  PEOFs argued the same in their supplemental reply brief.[8]

- Cases discussed at ¶s 116 and 172 of the MSJ Opinion address only implied fiduciary duties, not an explicit duty written into the contract.[9]  PEOFs made this argument in their opposition[10] and at the November 21, 2024, hearing.[11]

- Defendants adduced no evidence establishing that they acted in good faith.[12]  PEOFs' opposition made this argument.[13]

- Section § 152.002 explicitly prohibits a partnership agreement from entirely eliminating the duties of loyalty, care, or good faith.[14]  PEOFs made this argument throughout their briefing and at the November 21, 2024, hearing.[15]

---

[5] Mot. at 11 (citing *Spethmann v. Anderson*, 171 S.W.3d 680, 695–96 (Tex. App.—Dallas 2005, no pet.); *see also id.* at 2, 11–15.

[6] Nov. 21, 2024, Hrg. Tr. at 77:17–82:11.

[7] Nov. 21, 2024, Hrg. Tr. at 81:16–82:11.

[8] PEOFs' Jan. 3, 2025, Suppl. Reply. at 25–26.

[9] Mot. at 16; *see also* at 3, 12, 16–17.

[10] PEOFs' Nov. 1, 2024, Opp. at 15–16.

[11] Nov. 21, 2024, Hrg. Tr. at 67:25–68:22.

[12] Mot. at 19; *see also* at 1–2, 18–21.

[13] PEOFs' Nov. 1, 2024, Opp. at 4, 6, 17, 23.

[14] Mot. 22; *see also* at 3–4, 22–26.

[15]  PEOFs' Nov. 1, 2024, Opp. at 18, 21–23; PEOFs' Dec. 13, 2024, Suppl. Br. at 7, 25; PEOFs' Jan. 3, 2025, Suppl. Reply at 8, 27; Nov. 21, 2024, Hrg. Tr. at 89:24–92:21.

- Defendants' proposed interpretation would render "Agreed Duties" meaningless and therefore makes the contract ambiguous.[16] The court asked PEOFs at the November 21, 2024, hearing if the contract was ambiguous.[17] PEOFs said "no" under their interpretation of the contract, which they argued was the only way to read the contract.[18]

- Plaintiffs allege breaches by Defendants well before invoking the drag-along provision.[19] PEOFs' briefing made this argument.[20]

[¶ 9] The court rejects those arguments for the reasons expressly stated in or impliedly covered by its prior MSJ Opinion.

## B.  PEOFs' Additional Arguments

[¶ 10] PEOFs motion makes these additional arguments or expands prior arguments that the court also rejects:

### 1.  *Texas Beef Cattle*

[¶ 11] PEOFs argue that *Texas Beef Cattle* is inapplicable because (i) it does not apply to cases involving fiduciaries; (ii) it predated the Business and

---

[16] Mot. at 26; *see also* 4–5, 30–34.

[17] Nov. 21, 2024, Hrg. Tr. At 64:20–21.

[18] Nov. 21, 2024, Hrg. Tr. At 64:22–25 ("No.  We think it's perfectly consistent, and we think it can be enforced as written.  And in fact, our reading is the only one that does work.").

[19] Mot. at 21; *see also* at 8, 20–22.

[20] PEOFs' Nov. 1, 2024, Opp. at 5; PEOFs' Dec. 13, 2024, Suppl. Br. at 16, 19; PEOFs' Jan. 3, 2025, Suppl. Reply at 33.

Organizations Code; and (iii) it and its progeny apply to only implied duties.[21]

PEOFs read too much into the court's reference to that case.

[¶ 12] To begin, the MSJ Opinion concludes only that *lawfully* exercising contract rights is not acting in bad faith. 2025 Tex. Bus. 9, ¶s 115–16, 172. Specifically, the court's *Texas Beef Cattle* reference quotes *Montgomery v. Phillips Petroleum Co.*, 49 S.W.2d 967, 972 (Tex. App.—Amarillo 1932, writ ref'd) (which has the same precedential value as a supreme court opinion) for the point that one does not act in bad faith by exercising its lawful rights provided one does so "in a legal way." 2025 Tex. Bus. 9, ¶ 115. That is, *Texas Beef Cattle* and the court's opinion require that the exercised contract right be (i) a lawful right and (ii) exercised "in a legal way." *Id.* So, the court did not conclude that *Texas Beef Cattle* permitted HoldCo to exercise its drag-along rights in bad faith or in an otherwise illegal manner.[22]

---

[21] Mot. at 11–18.

[22] For instance, the court concluded that "at a minimum" HoldCo could not have lied or misled its partners in executing its rights. *See* 2025 Tex. Bus. 9, ¶ 114:

> Case law indicates that the statutory good faith obligation includes, at a minimum, not lying to or misleading other partners. *See, e.g.*, *Shannon Medical*, 601 S.W.3d at 912–915 (partner misled partners regarding permitted affiliate business); *Cruz*, 2018 WL 6566642, *10–16 (partner misrepresented reasons for closing one business and misled partner regarding permitted

[¶ 13] Accordingly, the MSJ Opinion agrees with *Spethmann* that how a fiduciary performs their contract rights is important. *See* 171 S.W.3d at 696. To that point, the court emphasized that HoldCo had to satisfy its TBOC responsibilities and exercise its drag-along rights in good faith. *See* 2025 Tex. Bus. 9, ¶s 138, 142, 161, 164, 194.

[¶ 14] Furthermore, nothing in the Business Organizations Code nor its predecessors preclude applying *Texas Beef Cattle*'s general principle to a partner's applicable legal responsibilities.

### 2.   PEOFs' "Manifestly Unreasonable" Argument

[¶ 15] PEOFs argue that the court did not consider whether any purported modifications to movants' statutory responsibilities are "manifestly unreasonable."[23]  They are wrong.

---

competing business); *Red Sea Gaming*, 338 S.W.3d at 568–69 (failure to disclose resale opportunity while negotiating buyout).

But in reviewing the evidence, the court did not find that there was a genuine issue of material fact as to whether PEOFs were misled. *See, e.g.*, *id.* ¶ 184:

Similarly, PEOFs do not allege that HoldCo, PEC, or Doyle gave them[] or the board false or misleading information regarding the deal. Indeed, those persons could not have provided misleading information to PEOFs if (i) none of those persons communicated with PEOFs and (ii) Jeffs and Langdon were not, as PEOFs posit, their agents on the board.  So, the court need not consider whether any such bad faith breach occurred.

[23] Mot. at 32.

[¶ 16]  The TBOC does not define "manifestly unreasonable."  However, PEOFs argued that HoldCo's interpretation of the TAPA produced "absurd results," and they used the absurd results doctrine as a proxy.[24]  Regardless of the label used for PEOFs' argument, the court considered and rejected it:

> [¶ 173] PEOFs[] argue that applying the TAPA as written could lead to absurd results such as HoldCo selling the business for a dollar. The court rejects that argument because, although courts will not enforce unambiguous terms that lead to absurd results, that safety valve is reserved for only truly exceptional cases where it is unthinkable, unfathomable, or quite impossible that a rational person could have intended it. *Fairfield Indus., Inc. v. EP Energy E&P Co., L.P.*, 531 S.W.3d 234, 248–49 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). Here, the consideration was far greater than a dollar.
>
> [¶ 174] Furthermore, it is not the court's role "to question the wisdom of the parties' agreement or to rewrite its provisions under the guise of interpreting it." *Id.* at 242.
>
> [¶ 175] Accordingly, based on the undisputed facts, the parties' business purposes when they signed the TAPA, its unambiguous terms, and TBOC's unambiguous provisions applicable to this case, as a matter of law HoldCo's drag-along rights were not so unthinkable, unfathomable, or impossible that a reasonable person in the parties' positions could not have rationally agreed to their application when they created the TAPA. Indeed, TAPA § 5.9(c)(ii) unambiguously records the

---

[24] *See* PEOFs' Nov. 1, 2024, Opp. at 25 ("Defendants' argument that they could invoke the drag-along provision at any time without owing any duty of loyalty or care whatsoever would lead to absurd results. . . . That interpretation is absurd, contrary to Texas law and the Partnership Agreement, and (to use the language from Section 152.002) 'manifestly unreasonable.'").

parties' agreement that they would not have entered into the TAPA if its terms were not acceptable to them.[25]

2025 Tex. Bus. 9, ¶s 173–75 (footnotes omitted). Indeed, MSJ Opinion ¶ 173, footnote 108 cited to PEOFs' specific argument.

## IV.

[¶ 17] In sum, as a matter of law the record negated every instance of a lack of good faith (that is, bad faith) PEOFs alleged, and PEOFs failed to adduce evidence of other facts constituting a lack of good faith. So, on March 10, 2025, the court granted in part the MSJ and on April 10, 2025, the court denied PEOFs' Motion for Reconsideration for the reasons described in this opinion.

## V.

[¶ 18] Accordingly, the court vacates in part its March 14, 2025, Order to Stay and Amend Scheduling Order except as to its briefing deadlines, which remain in place. It is, SO ORDERED.

---

[25] Having previously concluded that TAPA's relevant terms are unambiguous, the court also rejects PEOFs' reconsideration argument that "the inherent tension between the Agreed Duties provision and other provisions of the Partnership Agreement renders the contract ambiguous, which precludes summary judgment and requires the parties to engage in discovery." Mot. at 27.

_____
BILL WHITEHILL
Judge, Texas Business Court-
First Division

SIGNED: April 15, 2025

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 99681171
Filing Code Description: No Fee Documents
Filing Description: Memorandum Opinion on Motion for Reconsideration
Status as of 4/15/2025 11:38 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christopher W.Patton | | cpatton@lynnllp.com | 4/15/2025 11:18:41 AM | SENT |
| Scott Smoot | | ssmoot@lynnllp.com | 4/15/2025 11:18:41 AM | SENT |
| Stephen Shackelford | | sshackelford@susmangodfrey.com | 4/15/2025 11:18:41 AM | SENT |
| NATALIE STALLBOHM | | nstallbohm@lynnllp.com | 4/15/2025 11:18:41 AM | SENT |
| M. TaylorLevesque | | taylor.levesque@troutman.com | 4/15/2025 11:18:41 AM | SENT |
| Sarah Hannigan | | shannigan@susmangodfrey.com | 4/15/2025 11:18:41 AM | SENT |
| Gary Vogt | | gvogt@kirkland.com | 4/15/2025 11:18:41 AM | SENT |
| Bryan Caforio | | bcaforio@susmangodfrey.com | 4/15/2025 11:18:41 AM | SENT |
| Michelle Williams | | mwilliams@susmangodfrey.com | 4/15/2025 11:18:41 AM | SENT |
| Kerri Jones | | kjones@lynnllp.com | 4/15/2025 11:18:41 AM | SENT |
| Gina Flores | | gflores@lynnllp.com | 4/15/2025 11:18:41 AM | SENT |
| Roger BCowie | | Roger.Cowie@troutman.com | 4/15/2025 11:18:41 AM | SENT |
| Jeremy Fielding | | jeremy.fielding@kirkland.com | 4/15/2025 11:18:41 AM | SENT |
| Zack Ewing | | zack.ewing@kirkland.com | 4/15/2025 11:18:41 AM | SENT |
| Nicholas Perrone | | nicholas.perrone@kirkland.com | 4/15/2025 11:18:41 AM | SENT |
| Josephine Wang | | jwang@susmangodfrey.com | 4/15/2025 11:18:41 AM | SENT |
| Lindsey Godfrey Eccles | | leccles@susmangodfrey.com | 4/15/2025 11:18:41 AM | SENT |
| Michael Patton | | michael.patton@kirkland.com | 4/15/2025 11:18:41 AM | SENT |
| Laura QuinnBrigham | | laura.brigham@kirkland.com | 4/15/2025 11:18:41 AM | SENT |
| Christopher Schwegmann | | cschwegmann@lynnllp.com | 4/15/2025 11:18:41 AM | SENT |
| Yaman Desai | | ydesai@lynnllp.com | 4/15/2025 11:18:41 AM | SENT |
| Kyle Gardner | | kgardner@lynnllp.com | 4/15/2025 11:18:41 AM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 99681171
Filing Code Description: No Fee Documents
Filing Description: Memorandum Opinion on Motion for Reconsideration
Status as of 4/15/2025 11:38 AM CST

Case Contacts

| Kyle Gardner | | kgardner@lynnllp.com | 4/15/2025 11:18:41 AM | SENT |
|---|---|---|---|---|
| Louisa Karam | | louisa.karam@lockelord.com | 4/15/2025 11:18:41 AM | SENT |
| Theressa Washington | | Theressa.Washington@lockelord.com | 4/15/2025 11:18:41 AM | SENT |
| Business Court 1B | | BCDivision1B@txcourts.gov | 4/15/2025 11:18:41 AM | SENT |
| Griffin Vail | | griffin.vail@kirkland.com | 4/15/2025 11:18:41 AM | SENT |
| Jessica Cox | | jcox@lynnllp.com | 4/15/2025 11:18:41 AM | SENT |
| Karyn Cooper | | karyn.cooper@kirkland.com | 4/15/2025 11:18:41 AM | ERROR |