2025 Tex. Bus. 21



The Business Court of Texas,
1st Division

| | | |
|---|---|---|
| PRIMEXX ENERGY OPPORTUNITY FUND, LP et al., *Plaintiffs*, | § § § § § § § § § | Cause No. 24-BC01B-0010 |
| v. | | |
| PRIMEXX ENERGY CORPORATION, et al., *Defendants* | | |

---

## MEMORANDUM OPINION AND ORDER
### NUNC PRO TUNC

---

## I.

[¶ 1]  Before the court is the parties' request for the court to rule on Third Amended Partnership Agreement (TAPA) § 13.9's potential effect on Primexx Energy Opportunity Fund, LP and Primexx Energy Opportunity Fund II, LP's (PEOFs) claims against Christopher Doyle and all remaining Blackstone

entity defendants (Blackstone Defendants)[1] besides BPP HoldCo LLC.[2]

[¶ 2] This order relates to the court's summary judgment rulings discussed in (i) 2025 Tex. Bus. 9 and 2025 Tex. Bus. 13 and (ii) the court's May 9, 2025, order dismissing PEOFs' fiduciary breach and contract breach causes of action against the Blackstone Defendants.

[¶ 3] The issue is whether TAPA § 13.9 exempts Doyle and the remaining Blackstone Defendants from potential conspiracy, aiding and abetting, and knowing participation liability for any claims PEOFs may have against HoldCo or PEC regarding the Callon sale.[3] The court concludes that § 13.9 does so because (i) Doyle and the Blackstone Defendants are within the class of persons § 13.9 exempts from potential liability regarding that sale and (ii) § 13.9 applies notwithstanding any other TAPA terms, including TAPA § 13.2's terms disclaiming third-party beneficiaries.

## II.

[¶ 4] Because the parties know the facts and procedural background, the court does not address those items except as needed for this decision. For

---

[1] The court dismissed Blackstone Inc. and Angelo Acconcia for lack of personal jurisdiction.

[2] *See* Defendants Christopher Doyle and Primexx Energy Corporation's (PEC) Supplemental Briefing on TAPA § 13.9 (Doyle Br.) and Plaintiffs' Supplemental Briefing Regarding Section 13.9 (PEOFs Br.). On May 21, 2025, the parties asked the court to include the Blackstone Defendants in this analysis and ruling.

[3] Section 13.9 does not cover PEC because it is a Primexx partner.

convenience, references to Doyle's and PEOFs' arguments also apply to the Blackstone Defendants.

[¶ 5] Doyle was a PEC director and its CEO while the Callon sale was negotiated and approved pursuant to HoldCo's drag-along sale rights, but he was not a Primexx partner.[4] Citing § 13.9 and *Pratt-Shaw v. Pilgrim's Pride Corp.*, 122 S.W.3d 825, 830 (Tex. App.—Dallas 2003, no pet), he posits that § 13.9 waives potential claims against him as a "Partner Affiliate," which is defined in § 13.9.[5]

[¶ 6] PEOFs argue two counterpoints: One, TAPA § 13.2's "Entire Agreement" clause providing that the TAPA "shall not be deemed for the benefit of creditors or any other Persons" means Doyle cannot be a third-party beneficiary of § 13.9's provisions; and two, applying § 13.9 to Doyle would violate Business Organizations Code §§ 152.002(b)(2)–(4)'s provisions precluding the elimination of certain partner responsibilities. TEX. BUS. ORG. CODE §§152.002(b)(2)–(4).

---

[4] Counts Six, Seven, and Eight of PEOFs' First Amended Petition (FAP) and Eight, Nine, and Ten of their Second Amended Petition (SAP). The court permitted the SAP for purposes of assessing whether pleading amendments would cure factual deficits in PEOFs' claims against Angelo Acconcia and the Blackstone Defendants (excluding HoldCo).

[5] Doyle Br. at 2–3.

## III.

[¶ 7] As discussed in the court's May 9th order, TAPA § 13.9 waives potential liability claims against various TAPA nonparties. Conceding that § 13.9 "may appear to provide a benefit to Mr. Doyle," PEOFs rely on § 13.2 and *MCI Telecomm. Corp. v. Tex. Util. Elec. Co.* 995 S.W.2d 647, 651 (Tex. 1999) to argue otherwise. In that case, the supreme court held that a nonparty to that contract could not obtain relief as a third-party beneficiary in "light of the clear language in the contract that the agreement not be construed as being for the benefit of any nonsignatory." *Id.* Likewise, PEOFs argue § 13.9 does not apply to Doyle because he is not personally a party to the TAPA and § 13.2 disclaims third-party beneficiaries.[6] However, PEOFs misread §§ 13.2 and 13.9.

[¶ 8] To begin, § 13.2 provides that the TAPA "contains the entire agreement [between] the parties" and "shall not be deemed for the benefit of creditors or any other Persons." However, § 13.9 begins by excepting its terms from § 13.2's broader scope: "Notwithstanding anything that may be expressed or implied in this Agreement . . . ." That is, § 13.9's protection for

---

[6] PEOFs' Br. at 2–3.

non-partners is a narrow exception that applies *notwithstanding* § 13.2. *E.g., Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133–34 (Tex. 1994) (specific contract provisions control over broader terms). Thus, § 13.9 applies to Doyle.

[¶ 9] Next, PEOFs' reliance on *MCI* for a contrary premise is misplaced because the contract clauses there are the inverse of the clauses here. Specifically, that case involves a right of use agreement that required MCI to broadly exercise its granted rights to lay fiber optic cable in MoPac's right of way "in such a manner as to not interfere in any way with any existing prior rights." The prior rights at issue were Texas Utilities' prior rights to use that right of way for electricity transmission towers and lines.

[¶ 10] TU argued that MCI's cable trenches caused four TU towers to tilt, which needed to be fixed, and that it was entitled to recover attorneys' fees based on a claim that TU was a third-party beneficiary of MCI's contract obligation with MoPac to not interfere with TU's prior rights. The supreme court reversed TU's attorneys' fees award based on a contract breach cause of action because a different MCI-MoPac contract clause expressly limited contract beneficiary status to only the parties to that contract. 995 S.W.2d at 649–50. So, TU could not recover contract relief as a third-party beneficiary of the MCI-MoPac contract. *Id.*

**IV.**

[¶ 11] PEOFs next argue that § 13.9 is voided by Business Organization Code §§ 152.002(b)(2)–(4)'s provisions that prohibit parties from eliminating certain unwaivable partner responsibilities.[7] The court rejects that argument for two reasons.

[¶ 12] First, those provisions apply to partners and Doyle was not a Primexx partner and did not owe any such duties to PEOFs. Second, TAPA § 13.9 is a liability waiver and does not waive any partner's duties toward other partners. *See* Elizabeth S. Miller, *Fiduciary Duties, Exculpation, and Indemnification in Texas Business Organizations*, State Bar of Texas Advanced Business Law Course (2023) at 39. Thus, those TBOC provisions do not apply to PEOFs' § 13.9 agreement to waive any liability claims they might have otherwise had against Doyle regarding the Callon sale.

**V.**

[¶ 13] The same conclusions apply to the Blackstone Defendants because § 13.9's "Partner Affiliate" definition includes an "Affiliate … of any Partner." Further "Affiliate" means "any Person directly or indirectly controlling, controlled by, or under common control with, such specified

---

[7] PEOFs' Br. at 3.

Person."[8]  HoldCo is a Partner.  HoldCo and the Blackstone Defendants are under Blackstone Inc.'s control.[9]  So, § 13.9 applies to the Blackstone Defendants too.[10]

## VI.

[¶ 14]  Accordingly, the court dismisses with prejudice PEOFs' causes of action against Doyle and the Blackstone Defendants.

So ORDERED.

_____
BILL WHITEHILL
Judge of the Texas Business Court,
First Division


SIGNED:  May 22, 2025

---

[8] TAPA, Ex. B (Definitions) at 1.

[9] *See* SAP ¶ 23.

[10] Counts Four, Five, and Six of PEOFs' FAP and Counts Five, Six, and Eight under PEOFs' SAP.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 101166190
Filing Code Description: No Fee Documents
Filing Description: Memorandum Opinion and Order nunc pro tunc
Status as of 5/22/2025 2:16 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christopher W.Patton | | cpatton@lynnllp.com | 5/22/2025 2:00:40 PM | SENT |
| Scott Smoot | | ssmoot@lynnllp.com | 5/22/2025 2:00:40 PM | SENT |
| Stephen Shackelford | | sshackelford@susmangodfrey.com | 5/22/2025 2:00:40 PM | SENT |
| NATALIE STALLBOHM | | nstallbohm@lynnllp.com | 5/22/2025 2:00:40 PM | SENT |
| M. TaylorLevesque | | taylor.levesque@troutman.com | 5/22/2025 2:00:40 PM | SENT |
| Sarah Hannigan | | shannigan@susmangodfrey.com | 5/22/2025 2:00:40 PM | SENT |
| Gary Vogt | | gvogt@kirkland.com | 5/22/2025 2:00:40 PM | SENT |
| Bryan Caforio | | bcaforio@susmangodfrey.com | 5/22/2025 2:00:40 PM | SENT |
| Michelle Williams | | mwilliams@susmangodfrey.com | 5/22/2025 2:00:40 PM | SENT |
| Kerri Jones | | kjones@lynnllp.com | 5/22/2025 2:00:40 PM | SENT |
| Gina Flores | | gflores@lynnllp.com | 5/22/2025 2:00:40 PM | SENT |
| Roger BCowie | | Roger.Cowie@troutman.com | 5/22/2025 2:00:40 PM | SENT |
| Jeremy Fielding | | jeremy.fielding@kirkland.com | 5/22/2025 2:00:40 PM | SENT |
| Zack Ewing | | zack.ewing@kirkland.com | 5/22/2025 2:00:40 PM | SENT |
| Nicholas Perrone | | nicholas.perrone@kirkland.com | 5/22/2025 2:00:40 PM | SENT |
| Josephine Wang | | jwang@susmangodfrey.com | 5/22/2025 2:00:40 PM | SENT |
| Lindsey Godfrey Eccles | | leccles@susmangodfrey.com | 5/22/2025 2:00:40 PM | SENT |
| Michael Patton | | michael.patton@kirkland.com | 5/22/2025 2:00:40 PM | SENT |
| Laura QuinnBrigham | | laura.brigham@kirkland.com | 5/22/2025 2:00:40 PM | SENT |
| Christopher Schwegmann | | cschwegmann@lynnllp.com | 5/22/2025 2:00:40 PM | SENT |
| Yaman Desai | | ydesai@lynnllp.com | 5/22/2025 2:00:40 PM | SENT |
| Kyle Gardner | | kgardner@lynnllp.com | 5/22/2025 2:00:40 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 101166190
Filing Code Description: No Fee Documents
Filing Description: Memorandum Opinion and Order nunc pro tunc
Status as of 5/22/2025 2:16 PM CST

Case Contacts

| Kyle Gardner | | kgardner@lynnllp.com | 5/22/2025 2:00:40 PM | SENT |
|---|---|---|---|---|
| Louisa Karam | | louisa.karam@lockelord.com | 5/22/2025 2:00:40 PM | SENT |
| Theressa Washington | | Theressa.Washington@lockelord.com | 5/22/2025 2:00:40 PM | SENT |
| Business Court 1B | | BCDivision1B@txcourts.gov | 5/22/2025 2:00:40 PM | SENT |
| Griffin Vail | | griffin.vail@kirkland.com | 5/22/2025 2:00:40 PM | SENT |
| Jessica Cox | | jcox@lynnllp.com | 5/22/2025 2:00:40 PM | SENT |
| Karyn Cooper | | karyn.cooper@kirkland.com | 5/22/2025 2:00:40 PM | ERROR |